FILED

JAN 12 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAHENDRA PRATAP SINGH,

        Plaintiff - Appellant,

  v.

ROCKWELL AUTOMATION, INC, a
foreign corporation registered and doing
business in the State of Washington;
BALDOR ELECTRIC COMPANY, a
foreign corporation registered and doing
business in the State of Washington,

        Defendants - Appellees.

No. 11-35250

D.C. No. 2:09-cv-00597-TSZ

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, Senior District Judge, Presiding

Argued and Submitted January 9, 2012
Seattle, Washington

Before: GRABER, FISHER, and RAWLINSON, Circuit Judges.

    Rockwell Automation, Inc., and Baldor Electric Company terminated the

employment of Plaintiff Mahendra Pratap Singh as a business development

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

executive. Plaintiff challenged that decision in a lawsuit, but the district court compelled arbitration pursuant to the parties' agreement, and the arbitrator dismissed Plaintiff's claims on the merits. Plaintiff appeals the district court's orders confirming the arbitration award and compelling arbitration in the first place, and we review de novo. Bridge Fund Capital Corp. v. Fastbucks Franchise Corp., 622 F.3d 996, 1000 (9th Cir. 2010); Aramark Facility Servs. v. SEIU, Local 1877, 530 F.3d 817, 822 (9th Cir. 2008). We now affirm.

1. We affirm the district court's order compelling arbitration because the arbitration provision is not unconscionable under Washington law,[1] either procedurally or substantively.

2. The issue of systemic bias—like other issues—had to be raised before the arbitrator but was not. Even assuming that the issue was properly preserved, and properly presented to the district court, the claim was not proved.

3. Plaintiff did not meet any of the statutory standards for refusing to enforce a binding arbitration award. See 9 U.S.C. § 10(a)(4); Comedy Club, Inc. v. Improv West Assocs., 553 F.3d 1277, 1290 (9th Cir. 2009) ("We have stated that for an arbitrator's award to be in manifest disregard of the law, '[i]t must be clear

_____

[1] The parties do not object to the district court's decision to apply Washington law on this question.

2

from the record that the arbitrator[ ] recognized the applicable law and then ignored it.'" (alterations in original) (quoting <u>Mich. Mut. Ins. Co. v. Unigard Sec. Ins. Co.</u>, 44 F.3d 826, 832 (9th Cir. 1995))).

4. We need not reach any issues related to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38 ("the Convention"), implemented by 9 U.S.C. §§ 201–208. Plaintiff failed to raise his objections to the Convention's applicability in his opening brief; regardless, its applicability would not change the outcome in any respect.

**AFFIRMED**.